UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH D. GILBERTI,

                Petitioner,

-against-

UNITED NATIONS; DEPARTMENT OF INTERIOR; VICE PRESIDENT HARRIS; CITY OF NEW YORK; NEW YORK PORT AUTHORITY; HOMELAND SECURITY; NATIONAL ALLIANCE DEFENSE; DEPARTMENT OF TRANSPORTATION; FEDERAL BUREAU OF INVESTIGATION (FBI); US CONGRESS; PRESIDENT BIDEN; GOVERNOR OF NEW JERSEY; GOVERNOR OF FLORIDA,

                Respondents.

24-CV-6083 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Joseph D. Gilberti, who currently is detained in the Sarasota County Jail, in Sarasota, Florida, brings this action, *pro se*, seeking mandamus relief. He asks this Court to direct "[a]ll Respondents to verify two secret resources of 'spring water from earth's core[,]' which provide endless, contaminant free, PFAS free, spring water from deep in earth; with no rain dependencies."[1] (ECF 1, at 1.) The Court construes this action as seeking relief under the federal mandamus statute, 28 U.S.C. § 1361.

      By order dated October 7, 2024, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] As set forth in this order, the Court

---

[1] Petitioner uses irregular capitalization throughout the complaint. For readability purposes, the Court uses standard capitalization. All other spelling, grammar, and punctuation as in the original unless noted otherwise.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

denies Petitioner's request for mandamus relief and dismisses the action for failure to state a claim.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a complaint filed by a prisoner, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Petitioner, who "is a licensed civil/mechanical . . . infrastructure engineer," seeks information regarding contaminant free spring water. (ECF 1, at 2.) He claims that "[t]wo locations have been submitted to Respondents over past 2-10 yrs. Washington Rock, New Jersey . . . a burned volcano to . . . New Jersey to New York, replacing old aqueducts under New York City." (*Id.* at 1-2.) He "request[s] Respondents to inspect . . . statewide Florida project from Tampa to Miami, with 'primary spring water from earth's core' from an historical Yucatan meteor impact[.]" (*Id.* at 2.)

Petitioner names as Respondents the United Nations, Department of Interior, Vice President Kamala Harris, the City of New York, the New York Port Authority, Homeland Security, National Alliance Defense, Department of Transportation, the Federal Bureau of Investigation, the U.S. Congress, President Joe Biden, the Governor of New Jersey, and the Governor of Florida.

## DISCUSSION

The federal district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is a drastic remedy that should be used only in extraordinary circumstances. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004).

To obtain mandamus relief, a petitioner must show that: "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to the issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (*per curiam*) (internal quotation marks and citation omitted); *see also Cheney*, 542 U.S. at 381 ("[T]he petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable.") (internal quotation marks and citation omitted). Accordingly, "jurisdiction under the mandamus statute is limited to actions seeking to compel the performance of a *nondiscretionary* duty." *Duamutef v. INS*, 386 F.3d 172, 180 (2d Cir. 2004) (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)) (emphasis in original).

Petitioner cannot obtain relief under the mandamus statute because he cannot compel the Respondents – many of whom are not federal officials or agencies – to verify the alleged source of spring water because they do not have a clear, nondiscretionary duty to do so. The Respondents do not have a mandatory duty to report to Petitioner any information regarding

alleged water sources. Accordingly, the Court denies Petitioner's request for mandamus relief and dismisses this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Petitioner's complaint cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend his complaint.

## CONCLUSION

The action, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court directs the Clerk of Court to terminate the motion at ECF 14.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   January 13, 2025
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge